UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ABDUL ALSHIMARY,

       Plaintiff,

v.

UNKNOWN PARTY #1 et al.,

       Defendants.
_____/

Case No. 1:24-cv-37

Honorable Robert J. Jonker

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. For the reasons set forth below, the Court will dismiss this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## Discussion

### I. Factual Allegations and Procedural History

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the St. Louis Correctional Facility (SLF) in St. Louis, Gratiot County, Michigan.. The events about which he complains, however, occurred at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan.

Plaintiff filed his initial complaint on January 12, 2024. (ECF No. 1.) Shortly thereafter, he sought leave to supplement the complaint with new claims and new defendants. (ECF No. 4.)

The Court denied Plaintiff's motion to supplement and, instead, directed Plaintiff to file an amended complaint. (Order, ECF No. 5.) The Court required Plaintiff to file a new complaint because Plaintiff's initial complaint purported to bring claims on behalf of another prisoner—Jason

Sanders—in addition to Plaintiff, even though Prisoner Sanders was not identified as a plaintiff in the caption and had not signed the complaint or the proposed supplement. Moreover, Plaintiff Alshimary could not raise claims on Prisoner Sanders's behalf. Additionally, the Court advised Plaintiff Alshimary that his supplemental claims against new Defendants London and Nevins, as pleaded, failed to state a claim.

Further, the Court advised Plaintiff to file an amended complaint and noted that he could include supplemental claims in his proposed amendment. (ECF No. 5, PageID.46.) In lieu of timely filing an amended complaint, Plaintiff filed a motion to amend, (ECF No. 7), and an interlocutory appeal, (ECF No. 9). A couple of weeks later, Plaintiff filed an amended complaint on the approved form sent to him by the Court, but he filed it after the deadline had passed. (ECF No. 13.) Although it was too late to file the amended complaint as directed by the Court, the Court granted Plaintiff's motion for leave to amend the complaint, (ECF No. 7), and accepted the late-filed complaint, (ECF No. 13), as Plaintiff's amended complaint. (Order, ECF No. 15.) Because the amended complaint did not include the claims that Plaintiff raised in his initial complaint, the Court concluded that Plaintiff did not intend the amended complaint to supersede the original complaint; therefore, the Court considered the operative complaint to include the original complaint—less the allegations relating to Prisoner Sanders—and the amended complaint. (*Id.*).

After the Court accepted the amended complaint, the Sixth Circuit Court of Appeals denied Plaintiff's appeal for lack of jurisdiction. (ECF Nos. 16, 17.) Approximately two weeks later, Plaintiff sought leave to supplement his complaint again. (ECF No. 18.) This time, however, he did not provide a proposed supplement.

By order entered September 23, 2024, the Court granted Plaintiff's motion to supplement the complaint. (ECF No. 23.) To avoid the problem of reviewing an operative complaint spread

2

across several documents, the Court informed Plaintiff that his second amended complaint would "supersede the first amended complaint [and would] be the only operative pleading." (*Id.*, PageID.115.) The Court directed Plaintiff to "include all claims he intend[ed] to raise in the second amended complaint [and that Plaintiff could] not include the prior complaints by reference." (*Id.*) The Court required Plaintiff to "set forth the entirety of his complaint allegations in the second amended complaint." (*Id.*) The Court advised Plaintiff that failure to comply with the Court's instructions could "result in dismissal of this action." (*Id.*, PageID.116.)

Plaintiff ignored the Court's instructions. Plaintiff filed his second amended complaint on October 10, 2024. (ECF No. 30.) The complaint, in conclusory allegations, summarizes the violations that are more particularly alleged in Plaintiff's previously filed and proposed complaints and supplements. Standing alone, Plaintiff's summary presentation consists of few facts and many legal conclusions. Although the summary hints at potential violations of Plaintiff's rights, they certainly do not suffice to state a claim, unless one also considers the additional detail set forth in the amendments and supplements.[1] Apparently recognizing that deficiency—at least in part—

---

[1] A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

Plaintiff attaches his initial complaint to the second amended complaint and purports to incorporate it by reference. The Court specifically advised Plaintiff that the Court would not continue to rely on a string of filings as the operative complaint. The Court also advised Plaintiff that failure to comply with the Court's order could result in dismissal without prejudice.

**II.     Involuntary Dismissal**

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal of a complaint where the plaintiff has failed to prosecute and/or to comply with the Federal Rules of Civil Procedure or a court order. Fed. R. Civ. P. 41(b). The rule "allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties." *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "Although Rule 41(b) does not expressly provide for a *sua sponte* dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a *sua sponte* order of dismissal under Rule 41(b)." *Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) (citing *Link v. Wabash Railroad Company*, 370 U.S. 626, 630 (1962)).

Courts consider four factors when determining whether to dismiss an action under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll*, 176 F.3d at 363). "Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363 citation omitted). "Contumacious" is defined as "perverse in resisting authority" and "stubbornly disobedient." *Schafer*, 529 F.3d at, 737 (quoting Webster's

4

Third New International Dictionary 497 (1986)). If dismissal was warranted by contumacious conduct, the importance 'of the remaining three factors' fades 'in the face of th[is] conclusion.'" *Bradley J. Delp Revocable Trust v. MSJMR 2008 Irrevocable Trust*, 665 F. App'x 514, 521 (6th Cir. 2016) (quoting *Knoll,* 176 F.3d at 366). Further, because a dismissal without prejudice is "a comparatively lenient sanction" as compared to dismissal with prejudice, "the controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 556 (6th Cir. 2004).

Here, Plaintiff's choice to disregard the Court's instruction regarding the amended complaint appears to be willful. The Court initially directed Plaintiff to amend his complaint because he had included many allegations relating to the claims of his cellmate, Jason Sanders. (ECF No. 5.) Plaintiff filed an amended complaint—late—that added several new claims, but did not address Plaintiff's existing claims. (ECF No. 13.)

To ensure that all of Plaintiff's claims were properly before the Court, the Court determined that the operative complaint would consist of the initial complaint and the first amended complaint. (ECF No. 15.) Of course, the initial complaint still included all of the improper allegations regarding the claims of Prisoner Sanders. Plaintiff promptly moved to supplement his claims again. (ECF No. 18.) The Court granted that relief; but carefully instructed Plaintiff that the next complaint he filed would be the sole operative complaint and that it must include all of his allegations without incorporating by reference prior complaints or proposed amendments or supplements. Plaintiff simply disregarded those instructions. As a result, ten months after the initial complaint is filed, and despite multiple proposed amendments and supplements, there is still not one complaint before the Court that includes all of Plaintiff's allegations and claims.

The Court concludes that Plaintiff has delayed these proceedings. Moreover, the Court finds that Plaintiff's disregard for the Court's specific instructions with regard to his second amended complaint can only be considered deliberate and willful. Such stubborn disobedience weighs in favor of dismissal as a sanction.

The second factor does not weigh for or against dismissal. Summonses for the various Defendants that Plaintiff names have never been issued. At this stage of the proceedings, it is not possible to determine whether Defendants have been prejudiced by Plaintiff's delays.

The third factor weighs in favor of dismissal because Plaintiff was clearly informed of the consequences of failing to follow the Court's order. With regard to the fourth factor, dismissal without prejudice is appropriate because the Court already took the less drastic action of providing Plaintiff with opportunities to file amended complaints to cure the deficiencies of his original complaint. That is, rather than immediately dismissing the original complaint for failure to follow the applicable Federal Rules of Civil Procedure, the Court provided Plaintiff with an opportunity to remedy the issues with the original complaint; however, Plaintiff did not do so.. In fact, the Court has worked diligently to give Plaintiff the benefit of the doubt with regard to his prior failures to abide by the Court's orders regarding amendments and supplements. That approach has likely set the stage for Plaintiff's disregard of the Court's most recent order.

Although dismissal is a significant sanction, the Court notes that it is a dismissal without prejudice. The events alleged in Plaintiff's various complaints, supplements, and proposed amendments begin in November of 2023. Plaintiff brings this action under 42 U.S.C. § 1983. For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* Mich. Comp. Laws § 600.5805(2); *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). The statute of

limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996). A dismissal without prejudice would not preclude Plaintiff from timely raising his claims in a new action. Such a dismissal may well be preferable to a dismissal because Plaintiff's primarily conclusory second amended compliant allegations fail to state a claim.

## Conclusion

For the reasons set forth above, the Court will dismiss Plaintiff's action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to follow the Court's order regarding Plaintiff's second amended complaint. The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.

Dated:   December 17, 2024              /s/ Robert J. Jonker
                                        Robert J. Jonker
                                        United States District Judge